Filed 8/3/26  P. v. Avila CA3

NOT TO BE PUBLISHED

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Tehama)

| | |
|---|---|
| THE PEOPLE,<br>     Plaintiff and Respondent,<br><br>     v.<br><br>JULIO AVILA,<br>     Defendant and Appellant. | C103180<br><br>(Super. Ct. No. 24CR2078) |

Defendant Julio Avila appeals from the judgment entered after he pled guilty to a charge of attempted second degree murder.  Defendant contends the trial court abused its discretion in denying the motion to withdraw his plea.  We will affirm.

BACKGROUND

Defendant stabbed the victim in the neck after the victim attempted to break up a verbal altercation between defendant and a woman.[1]

The People charged defendant with attempted murder (Pen. Code,[2] §§ 664/187, subd. (a); count I) and assault with a deadly weapon (§ 245, subd. (a)(1); count II).  The People alleged as to count I that defendant personally used a deadly or dangerous

---

[1]    The facts are taken from the probation report's summary of the preliminary hearing.

[2]    Undesignated section references are to the Penal Code.

1

weapon, a knife (§ 12022, subd. (b)(1)), and as to both counts that defendant had a prior strike conviction (§§ 1170.12, subds. (a)-(d), 667, subd. (b)), a prior serious felony conviction (§ 667, subd. (a)(1)), and inflicted great bodily injury (§ 12022.7, subd. (a)).

The People informed the trial court that the parties had reached a plea agreement wherein defendant would plead guilty to attempted second degree murder, admit the prior strike allegation and great bodily injury enhancement, and be sentenced to 17 years (the middle term of seven years, doubled for the prior strike conviction to 14 years, plus three years for the great bodily injury enhancement). In exchange, the People would dismiss the assault charge and remaining enhancements.

The trial court reviewed the plea form with defendant and confirmed that defendant had initialed the boxes and signed the form. Defendant initialed boxes on the plea form affirming that he "had a full opportunity to discuss" the plea with his attorney; that he had "no further questions of the court or of [his] attorney with regard to [his] plea and admissions in this case, any of the rights, or anything else on this form"; that he was "not suffering from any medical condition"; that his plea was entered "freely and voluntarily and with full understanding of everything in this form"; and that no one had threatened him to enter the plea.

Defendant orally confirmed that he understood the rights he was giving up and declined more time to speak with his attorney. The trial court explained the consequences of the plea, including the stipulated sentence of 17 years in prison, and defendant confirmed he understood. Defendant denied that he had been forced to enter the plea and again declined additional time to speak with his attorney. Defendant further denied that anything was affecting his ability to think clearly or exercise good judgment. Defendant entered a plea of guilty to attempted second degree murder and admitted the prior strike conviction and great bodily injury enhancement. The parties stipulated to the preliminary hearing as the factual basis of the plea. The court found defendant's plea "free and voluntary, knowing and intelligent, express and explicit" and that defendant

2

knew and understood "the nature of the charges, the consequences of this plea, and the waiver thereto."

Defendant later sought to withdraw his plea under section 1018, arguing his free will was overcome. Defendant attached a declaration to his motion, attesting that the unknown made him "very stressed" and "very scared"; his "wife's medical condition and ailing health" made him "very stressed"; the prosecutor threatened and bullied him to enter the plea; he feared potential life incarceration; "lack of communication" prevented him from understanding the plea agreement; he did not have time to discuss the plea with his family and friends; and he wished to withdraw his plea after speaking with his loved ones.

The People responded that defendant had failed to establish good cause to support withdrawing his plea, asserting the motion rested on defendant's self-serving statements. The People further argued that the plea form demonstrated defense counsel properly advised defendant before the plea; defendant understood his rights; defendant was not suffering from "any medical condition, such as extreme stress or fear," impacting his ability to enter the plea; and defendant was entering the plea freely and voluntarily and had not been threatened, forced, or promised anything to enter the plea. The People also maintained the trial court's colloquy with defendant before entering the plea afforded him the chance to raise concerns about his ability to enter the plea, any stress he was suffering, or an inability to think clearly, but he did not.

The trial court held a hearing on defendant's motion to withdraw his plea, and defendant testified as follows. Defendant stated he was under duress at the time of the plea and felt pressured. He told his attorney numerous times that he wished to go to trial. Defense counsel told him he had no defense, and the district attorney threatened a life sentence. Defendant was surprised the day of the plea and thought a miscommunication had prevented him from fully understanding the form he signed. He had not been told about attempted murder and was "shocked."

3

The People argued no credible evidence supported withdrawal of the plea, as defendant only submitted a declaration that he "was stressed and felt pressured to take the deal." Defendant did not indicate the source of any duress, nor did his attorney informing him he had no defense constitute duress. The plea transcript reflects defendant had a chance to speak with his attorney and understood the charges and the stipulated sentence of 17 years in prison. Defendant knowingly entered the plea but had since changed his mind, which does not constitute good cause.

Defense counsel submitted.

The trial court denied defendant's motion to withdraw his plea, stating it had heard the testimony and reviewed the motions. The court "had no doubt that this was a stressful situation" and did not "disbelieve the defendant that he felt pressured." The court noted "whether or not someone feels pressure" is "not the legal standard." Finding defendant had second thoughts, the court stated, "changing your mind or being in a pressure-filled situation is not a legal cause to withdraw a plea." Citing the back and forth at the plea hearing, the court found defendant appeared to understand what was happening and made a decision with which he was no longer comfortable.

The trial court then sentenced defendant in accordance with the plea agreement to 17 years in state prison as follows: 14 years (the middle term of seven years, doubled for the strike) for the attempted second degree murder, plus three years for the great bodily injury enhancement.

Defendant timely appealed.

### DISCUSSION

Defendant contends the trial court abused its discretion by denying his motion to withdraw the plea. Specifically, defendant argues he entered the plea under duress and pressure such that he did not exercise his free judgment. We are not persuaded.

A trial court may permit a defendant to withdraw a guilty plea for "good cause shown" at any time before judgment. (§ 1018.) " 'Mistake, ignorance or any other factor

4

overcoming the exercise of free judgment is good cause for withdrawal of a guilty plea' under section 1018 [citation], and section 1018 states that its provisions 'shall be liberally construed … to promote justice.' " (*People v. Patterson* (2017) 2 Cal.5th 885, 894.) "A defendant seeking to withdraw a guilty plea on grounds of mistake or ignorance must present clear and convincing evidence in support of the claim." (*Ibid.*)

"A trial court's decision whether to permit a defendant to withdraw a guilty plea under section 1018 is reviewed for abuse of discretion." (*People v. Patterson, supra,* 2 Cal.5th at p. 894.) " 'Where, as here, a discretionary power is statutorily vested in the trial court, its exercise of that discretion "must not be disturbed on appeal except on a showing that the court exercised its discretion in an arbitrary, capricious or patently absurd manner that resulted in a manifest miscarriage of justice." ' " (*People v. Williams* (2013) 58 Cal.4th 197, 270-271.) In conducting this analysis, "a reviewing court must adopt the trial court's factual findings if substantial evidence supports them." (*People v. Fairbank* (1997) 16 Cal.4th 1223, 1254.)

Here, substantial evidence supports the trial court's determination that defendant failed to establish good cause to withdraw his plea. At the plea hearing, the People explained the terms of the plea agreement. Defendant confirmed he understood the rights he was giving up and the consequences of plea. He twice declined additional time to speak with his attorney, denied being forced to enter the plea, and denied that anything was impacting his ability to think clearly or exercise good judgment. Defendant further confirmed that he had signed the plea form and initialed the boxes therein, indicating that he "had a full opportunity to discuss" the plea with his attorney; that he had "no further questions of the court or of [his] attorney with regard to [his] plea and admissions in this case, any of the rights, or anything else on this form"; and that his plea was entered "freely and voluntarily and with full understanding of everything in this form" and that no one had threatened him to enter the plea. At no time did defendant indicate he was under duress or pressure such that he was not freely entering the plea.

5

Defendant claims good cause supported withdrawing his plea, including that he testified he was under duress at the time of the plea; he told his attorney he wanted to go to trial, but his attorney said he had no defense; the district attorney threatened him with a life sentence if he did not take the plea; he did not fully understand the plea form he signed; he did not understand the plea due to lack of communication; he did not have time to discuss the plea with his family and friends; and the trial court believed defendant when he said he was in a stressful situation and felt pressure. That defendant "may have been persuaded, or was reluctant, to accept the plea is not sufficient to warrant the plea being withdrawn." (*People v. Ravaux* (2006) 142 Cal.App.4th 914, 919.) Indeed, defendant failed to demonstrate that "he was under any more or less pressure than every other defendant faced with serious felony charges and the offer of a plea bargain." (*People v. Huricks* (1995) 32 Cal.App.4th 1201, 1208.)

Additionally, these belated claims are uncorroborated and supported solely by defendant's own declaration and testimony. "[I]n determining the facts, the trial court is not bound by uncontradicted statements of the defendant." (*People v. Hunt* (1985) 174 Cal.App.3d 95, 103.) "The court may also take into account the defendant's credibility and his interest in the outcome of the proceedings." (*People v. Ravaux, supra,* 142 Cal.App.4th at p. 918.) While the trial court acknowledged defendant was in "a stressful situation" and believed defendant "felt pressured," it correctly found that this did not rise to the level of good cause to withdraw the plea. In so finding, it referred to its own recollection of the plea proceedings during which defendant appeared to understand what was happening. (*Ibid.* ["It is entirely within the trial court's discretion to consider its own observations of the defendant in ruling on such a motion"].)

6

Accordingly, the record provides substantial evidence in support of the court's determination that defendant failed to establish good cause to withdraw his plea. We therefore conclude that defendant has not established an abuse of discretion.

DISPOSITION

The judgment is affirmed.

\s\
KRAUSE, J.

We concur:

\s\
RENNER, Acting P. J.

\s\
BOULWARE EURIE, J.